## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff*,<br><br>v.<br><br>$7,000.00 IN UNITED STATES<br>CURRENCY<br>    *Defendant*.<br><br>[CLAIMANT:  CHIRSTIAN FLORES<br>RAMOS] | No.<br><br><br><br><br><br>August 12, 2020 |

## VERIFIED COMPLAINT OF FORFEITURE

Now comes the Plaintiff, the United States of America, by and through its attorneys, John H. Durham, United States Attorney for the District of Connecticut, and David C. Nelson, Assistant United States Attorney, and respectfully states:

1.      This is a civil action in rem brought to enforce the provision of 21 U.S.C. § 881(a)(6), which provides for the forfeiture of proceeds traceable to the exchange of controlled substances in violation of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq.

2.      This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355.

3.      Venue is appropriate in the District of Connecticut by virtue of 28 U.S.C. § 1395.

4.      The Defendant is $7,000.00 in United States Currency ("Defendant Currency").

5.      The Defendant Currency is located within the jurisdiction of the Court.

6.      On May 15, 2020, Christian Flores Ramos submitted an administrative claim of ownership to the Defendant Currency.

### Background of Investigation

7.    On April 8, 2019, at approximately at approximately 1:50 p.m., Christian Flores Ramos ("Ramos")  arrived at the United Airlines ticket counter at Bradley International Airport to receive his boarding pass for a one-way flight to Puerto Rico boarding at 2:20 p.m.

8.    Thirty minutes is a very small window of time to get through security screening. Through their training and experience, law enforcement is familiar with the methods in which bulk cash smugglers attempt to circumvent security screenings.  One of these methods is to arrive at security screening within close proximity of their departure time to exert pressure on airport screeners.

9.    As Ramos went through the security screening process, Transportation Security Administration ("TSA") officers assigned to the screening process at Bradley Airport noticed some anomalies in the shoes packed into his carry-on luggage.

10.   During the secondary screening process, a TSA x-ray technician identified a bulk mass inside one of Ramos' shoes within the luggage.  It was revealed during this second screening that the bulk mass in Ramos' shoe was currency.  TSA officials asked Ramos how much currency was in the shoe and he replied $7,000.00 in U.S. currency.

11.   At this time Homeland Security Investigations ("HSI") agents arrived to interview Ramos.  The interview was conducted in a public area of the airport and Ramos was not restrained in any way.  Further, during the interview, Ramos was advised on several occasions that he was free to leave at any time, and was at liberty to stop answering questions.

12.   As the interview began, a law enforcement trained narcotics detection canine conducted a free air search of the area.  The law enforcement canine alerted to the presence of narcotics on the Defendant Currency without command.

2

13.     HSI agents asked Ramos if he owned the Defendant Currency and where he obtained the Defendant Currency.  Ramos stated that he owned the Defendant Currency and that he placed it in his shoe because it seemed like a "safe place" to keep it.  Ramos told HSI that the Defendant Currency was earned from working at Home Depot, from his tax returns, and from the sale of a motorcycle.  Ramos claimed the motorcycle sale was transacted three weeks prior to this airport encounter but that he had no record of the sale.  When asked by HSI, Ramos could not name the make or model of the motorcycle.  Further, HSI determined through law enforcement channels that Ramos had been fired from Home Depot sixteen (16) months before the airport encounter.

14.     During Ramos' voluntary interview, HSI also requested his consent to inspect his personal cellular phone.  After Ramos consented to an inspection of his cell phone, HSI discovered photos of the Defendant Currency, packaged in a manner consistent with narcotics sales, and a picture of what law enforcement knows from their training and experience to be an "8 ball" of cocaine (3.5 grams of cocaine, or 1/8 of an ounce of cocaine).  HSI agents also observed that the pictures of the "8 ball" of purported cocaine had two holes in it, which in their training and experience indicated that it was broken off from a kilogram of cocaine.  On the cell phone, HSI also located pictures of recent wire transfer activity.

15.     Based on the above information, it is believed that the $7,000.00 in United States Currency is forfeitable pursuant to 21 U.S.C. 881(a)(6) as proceeds traceable to the exchange of controlled substances in violation of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq.

WHEREFORE, the United States of America prays that a Warrant of Arrest In Rem be issued for $7,000.00 in United States Currency; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the property to be condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY


/s/ David C. Nelson
David C. Nelson (ct25640)
Assistant U.S. Attorney
157 Church Street, 25th Floor
New Haven, CT 06510
Tel.     (203) 821-3700
Fax     (203) 773-5373
David.C.Nelson@usdoj.gov

<u>DECLARATION</u>

I am a Special Agent with the United States Department of Homeland Security, and I am the case agent assigned the responsibility for this case.

I have read the contents of the foregoing Verified Complaint of Forfeiture and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 12th day of August, 2020.


_____*/s/ Geoffrey Goodwin*_____
Geoffrey Goodwin
Special Agent
U.S. Department of Homeland Security